

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 10, 2018

**BY EMAIL AND ECF**

Honorable Andrew L. Carter, Jr.
United States District Judge
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    **United States v. Abida Khan**
             **S5 15 Cr. 171**

Dear Judge Carter:

    The Government writes in brief response to the defendant's letter of July 3, 2018, seeking (i) to modify the judgment of conviction to refer to the defendant as "Abida Khan;" (ii) to amend the PSR to reflect the defendant's purported additional drug use; and (iii) to unseal a limited portion of Ms. Khan's bond paperwork.  For the reasons set forth below, the Government (i) does not object to a modification of the judgment to reflect Khan's name as set forth in the charging instruments; (ii) objects to any amendment to the PSR; and (iii) consents to the limited unsealing of the defendant's bond paperwork.

    <u>First</u>, with respect to a modification of the judgment of conviction, the Government does not object to modifying the caption to reflect Khan's name as reflected in the charging instruments, that is, "Sheik F. Khan, a/k/a Abida Khan."  The Government does not, however, believe that the judgment should be altered to make reference only to "Abida Khan," as that would deviate from the identification of Ms. Khan in the charging instruments.

    <u>Second</u>, the Government opposes Khan's motion to amend the PSR.  As the Court is aware, in connection with the preparation of the PSR, Khan admitted to using drugs with a then-paramour, but disavowed any drug use following the cessation of that relationship.  Khan's representations regarding her drug use were included in the PSR and she at no time raised any objection to the PSR's recitation of her limited drug history.  Khan now claims that she lied to Probation about her drug use and that she in fact continued to use drugs until her remand to prison.

Khan seeks the amendment of her PSR to reflect her purported additional drug use.[1] Although Khan recognizes that Federal Rule of Criminal Procedure 32 "does not give a district court jurisdiction to correct inaccuracies in a PSI report after a defendant has been sentenced," *United States v. Giamo*, 880 F.2d 1561, 1563 (2d Cir. 1989), Khan suggests that she has located "no prohibition in the case law against the Court *requesting* that the Probation Office update the PSR is appropriate." (Khan Ltr. at 1-2). To be clear, Khan cites not a single case – and the Government has located no case – permitting a district court to make such a request. To the contrary, cases applying *Giamo* have universally found that there is no basis for a district court to alter a PSR after the imposition of sentence. *See, e.g., United States v. Smalling*, 644 F. App'x 3 (2d Cir. 2016) (Rule 32 allows parties to object to a PSR prior to sentencing, but does not provide a basis for amending a PSR after the imposition of sentence.); *United States v. Ramis*, No. 13 Cr. 600, 2015 WL 7871035, at *2 (S.D.N.Y. Dec. 3, 2015); *United States v. Sanford*, No. 07 Cr. 401, 2014 WL 2208172, at *1 (E.D.N.Y. May 28, 2014); *United States v. Boyce*, No. 06 Cr. 300, 2013 WL 74706 at *2 (D. Conn. Jan. 7, 2013); *United States v. Reyes*, No. 90 Cr. 584, 2005 WL 1926509, at *1 (S.D.N.Y. Aug. 10, 2005) (Court has no jurisdiction to hear *post sentence* challenges to the PSI Report). This is true even where the requested "correction" relates to a defendant's drug use. *See, e.g.*, *United States v. Hennings*, 2005 WL 1270248 (W.D.N.Y. May 26, 2005) (denying defendant's motion to amend PSR to reflect purported drug use within a year of his incarceration). Efforts by Khan to induce the Court to "request" that which it plainly cannot order would render meaningless the law's clear direction that "the district court's jurisdiction over the defendant becomes very limited" following sentencing. *Reyes*, 2005 WL 1926509 at *1. Accordingly, the Court should decline to make Khan's requested changes to the PSR.

Third, the Government does not object to the limited unsealing of Khan's bond paperwork in order to permit the release of Ms. DiSimone's property.

                Respectfully submitted,

                GEOFFREY S. BERMAN
                United States Attorney

By:     /s_____
      Rebecca Mermelstein
      Andrea M. Griswold
      Assistant United States Attorney
      Tel.: (212) 637-1205/2360

---

[1] Although Khan frames her motion as a request to correct an inaccuracy in the PSR, neither the Government nor the Court has anyway to ascertain whether it was Khan's pre-sentencing representations to Probation that were inaccurate or whether it is her more recent representations that are false.